UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FA'DEE MULAZIM,

        Plaintiff,                  No. 00-CV-73358

vs.                                         Hon. Gerald E. Rosen

P. CHAVEZ, et al.,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on December 21, 2012.

        PRESENT:   Honorable Gerald E. Rosen
                             United States District Chief Judge

This prisoner civil rights matter is presently before the Court on Plaintiff Fa'Dee Mulazim's October 22, 2012 Motion for Reconsideration of the Court's September 25, 2012 denying his Fed. R. Civ. P. 60(b) Motion for Relief from Judgment.

Motions for Reconsideration are governed by Eastern District of Michigan Local Rule 7.1(h), which, in pertinent part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

In his Rule 60(b) motion, Plaintiff argued that in prison officials have been wrongfully failing to deposit the full amount of his prison wages in his prison account and asked that the Court enjoin prison officials from continuing to do so.

As the Court explained in its October 22nd Order, Plaintiff's original complaint in this action had nothing to do with the monies in his prison account. Rather, Plaintiff's complaint was predicated upon his having been issued several prison misconduct citations for failing to report for mandatory school callout. The Court dismissed Plaintiff's complaint pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) on September 19, 2000. His Rule 60(b) motion, however, was wholly unrelated to his original complaint challenging the three strikes rule, and, hence, the relief Plaintiff requested -- an injunction prohibiting prison officials from deducting monies from his prison account -- could not be obtained by way of a Rule 60(b) motion. Further, even if Rule 60(b) relief were available, as the Court previously noted, Plaintiff's Rule 60(b) motion was not timely filed.

Plaintiff's current Motion for Reconsideration continues to assert arguments as to the propriety of the prison officials' withholding of monies from his prisoner account. Because this issue was already ruled upon by the Court on October 22, 2012, either expressly or by reasonable implication, the Court will not grant reconsideration. Moreover, Plaintiff has not shown a "palpable defect" in the Court's previous Order or that a correction of any such defect would result in a different disposition of the matter.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 42]** is DENIED.

IT IS FURTHER ORDERED that any appeal from this Order would be frivolous, and hence would not be taken in good faith.

                                                        s/Gerald E. Rosen  
                                                        Chief Judge, United States District Court

Dated:  December 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 21, 2012, by electronic and/or ordinary mail.

                                                        s/Julie Owens  
                                                        Case Manager